UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-10870-DMG (Ex)** | Date | February 25, 2026 |
|---|---|---|---|

| Title | *Yul Gevargis v. AmGUARD Insurance Company, et al.* | Page | **1** of **5** |
|---|---|---|---|

Present: The Honorable     DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [16]**

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Yul Gevargis, a resident of Los Angeles County, is the named insured under a business owner policy issued by Defendant AmGUARD Insurance Company ("AmGUARD"). [Doc. # 1-2 at ¶ 1 ("Compl.").]  Gevargis alleges that on August 20, 2023, severe wind conditions caused by Tropical Storm Hilary shifted debris that obstructed the roof drainage system on his business property. *Id.* at ¶¶ 10–11.  The obstruction caused water to pool on the flat roof and created "hydrostatic pressure that led to roof failure." *Id.*  Water entered the building causing substantial damage. *Id.* at ¶ 12.  Repair estimates total $65,410.92, exclusive of the deductible. *Id.* at ¶ 16.  Gevargis notified AmGUARD of the damage. *Id.* at ¶ 13.  AmGUARD inspected the property and ultimately issued a letter on December 21, 2023, denying all coverage for the flat roof and interior water damage. *Id.* at ¶ 19.

On August 20, 2025, Gevargis filed a Complaint in Los Angeles County Superior Court against AmGUARD alleging the following state law claims:  (1) breach of written contract; (2) breach of implied covenant of good faith; (3) declaratory relief under California Code of Civil Procedure section 1060; (4) elder financial abuse; and (5) unfair competition. *See generally* Compl. On November 13, 2025, AmGUARD removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. section 1332. [Doc. # 1 ("NOR").]  AmGUARD claims its principal place of business is in Wilkes-Barre, Pennsylvania and that it is incorporated under the laws of Nebraska. *Id.* at ¶ 5.  AmGUARD further claims that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* at ¶ 8.

On January 23, 2026, Gevargis filed a Motion to Remand, arguing that AmGUARD failed to establish complete diversity and the requisite amount in controversy.  [Doc. # 16 ("MTR").]  The motion is fully briefed.  [Doc. ## 19 ("Opp."), 20 ("Reply").]  For the reasons set forth below, the Court **DENIES** Plaintiff's MTR.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-10870-DMG (Ex)** | Date | February 25, 2026 |
|---|---|---|---|

| Title | *Yul Gevargis v. AmGUARD Insurance Company, et al.* | Page | **2** of **5** |
|---|---|---|---|

## II.
## LEGAL STANDARD

Under 28 U.S.C. section 1332, a district court has original jurisdiction over a civil action where "the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of citizenship between the parties.  28 U.S.C. § 1332(a)(1).  Complete diversity between the parties means that "each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008).  There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability").  The party seeking removal has the burden to establish that removal is proper and the "burden of establishing federal subject matter jurisdiction." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

## III.
## DISCUSSION

### A.    Complete Diversity

Gevargis does not dispute that he is a citizen of California.  *See* Compl. at ¶ 1; *see generally* MTR and Reply.  Corporations have dual citizenship based on the entity's state(s) of incorporation and principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  AmGUARD is organized under the laws of Nebraska and has its principal place of business located in Pennsylvania.  Declaration of Andrew Dempster ("Dempster Decl.") at ¶¶ 4–5 [Doc. # 19-1].  Instead of challenging these facts, Gevargis argues complete diversity is defeated because AmGUARD is "licensed and does substantial business operations in California."  MTR at 4.[1]

Gevargis offers no authority to support the notion that licensure and "substantial business" are probative of corporate citizenship.  Indeed, a corporation has only one principal place of business.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).  A corporation's principal place of business is the "nerve center" where its "officers direct, control, and coordinate the corporation's

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-10870-DMG (Ex)** | Date | February 25, 2026 |
|---|---|---|---|

| Title | ***Yul Gevargis v. AmGUARD Insurance Company, et al.*** | Page | **3** of **5** |
|---|---|---|---|

activities." *Id.* at 92–93.   The nerve center test is an objective inquiry that focuses on the corporation's "place of actual direction, control, and coordination." *Id.* at 97.   Here, AmGUARD has presented sufficient evidence that its principal place of business is in Pennsylvania. *See* Dempster Decl. at ¶¶ 5–7 (corporate headquarters located in Wilkes-Barre, Pennsylvania where all business functions, executive-level decision making, and board meetings are performed).

Accordingly, the Court is satisfied that AmGUARD has met its burden to show complete diversity exists between the parties.

**B.    Amount in Controversy**

If it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," then the removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).   Courts may consider the complaint, facts in the removal petition, and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal quotation marks omitted).

In the Complaint, Gevargis alleges he suffered repair damages "in excess of $65,410.92, plus interest, lost rents or business income, and other consequential damages." Compl. at ¶ 34. Gevargis also seeks damages for emotional distress, punitive damages under California Civil Code section 3294, and treble damages under California Civil Code section 3345. *Id.* at ¶¶ 39, 50, 53. Lastly, Gevargis asserts he is entitled to attorneys' fees under *Brandt v. Superior Court*, 37 Cal.3d 813 (1985) and California Welfare & Institutions Code section 15657.5. *Id.*   In its Opposition, AmGUARD points to two demand letters sent by Gevargis that includes:  (1) a demand for $6,000 for the forensic engineering report; and (2) a demand for $7,500 in attorneys' fees for work performed as of August 13, 2025. Opp. at 4–5; Compl., Exs. 7 (demand letter dated July 7, 2025), 8 (demand letter dated August 13, 2025).   AmGUARD contends that between the allegations in the Complaint and Gevargis' demands, the amount in controversy is a minimum of $78,910.92. Opp. at 5.

Gevargis does not dispute that the repair costs at issue total $65,410.92.   Reply at 2. Instead, Gevargis argues that AmGUARD has not met its burden to show that the $6,000 for the engineering report and $7,500 in attorneys' fees are recoverable. *Id.* at 2–3.   Gevargis' arguments are unavailing.   The Ninth Circuit has held that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn*

---

CV-90                                **CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk DD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-10870-DMG (Ex)** | Date | February 25, 2026 |
|---|---|---|---|

| Title | ***Yul Gevargis v. AmGUARD Insurance Company, et al.*** | Page | **4** of **5** |
|---|---|---|---|

*v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The amount in controversy includes attorneys' fees awarded under fee-shifting statutes or contract. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Gevargis seeks attorneys' fees under (1) *Brandt* for his insurance bad faith claim and (2) Section 15657.5 of the Welfare and Institutions Code for his elder financial abuse claim. *See* Compl. at ¶¶ 39, 53. California law permits a plaintiff to recover attorneys' fees "[w]hen an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy[.]" *Brandt*, 37 Cal.3d at 817. Gevargis' demand letter requested "$7,500 to date, subject to continuing accrual" specifically for "attorney's fees incurred to obtain policy benefits[.]" Compl. Ex. 8.[2] Thus, AmGUARD presents sufficient evidence that there is at least $7,500 worth of attorneys' fees in controversy.[3]

Gevargis cursorily asserts AmGUARD failed to show that reimbursement for the $6,000 engineering report is legally recoverable. Reply at 3. Notably, Gevargis does not disavow the amount claimed for the engineering report. Moreover, Gevargis cites no authority that would prevent the Court from including the report in the amount in controversy. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Chavez v. JPMorgan Chase Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (amount in controversy "encompasses all relief a court may grant on [the] complaint if the plaintiff is victorious."). Even if the Court assumed the engineering report was a "cost" excluded from the amount in controversy under 28 U.S.C. section 1332(a), the amount in controversy for the repairs and *Brandt* fees alone is $72,910.92. This amount does not include the "continuing accrual" of *Brandt* fees, attorneys' fees under the Welfare and Institutions Code section 15657.5(a), or damages relating to Gevargis' claims for emotional distress, punitive damages, and treble damages.

AmGUARD has met its burden to show that it is more likely than not that the amount in controversy is in excess of $75,000, and thus removal was proper.

---

[2] The language in Gevargis' own demand letter negates his argument in Reply that "Defendant relies on a single, lump-sum figure referenced in a pre-suit demand letter, without any showing that the amount represents fees incurred exclusively to obtain policy benefits rather than mixed or non-recoverable attorney work." Reply at 2–3. Gevargis makes no argument that his own estimate was unreasonable, and the Court has no reason to believe that it is.

[3] Welfare and Institutions Code section 15657.5(a) also provides for "reasonable attorney's fees and costs" in addition to compensatory damages. Cal. Welf. & Inst. Code § 15657.5(a).

---

CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-10870-DMG (Ex)** | Date | February 25, 2026 |
|---|---|---|---|

| Title | ***Yul Gevargis v. AmGUARD Insurance Company, et al.*** | Page | **5** of **5** |
|---|---|---|---|

**IV.**
**CONCLUSION**

In light of the foregoing, the Court concludes that it has diversity jurisdiction over this action under 28 U.S.C. section 1332.  The Court therefore **DENIES** Gevargis' MTR and **VACATES** the February 27, 2026 hearing.

**IT IS SO ORDERED.**

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|